IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM SHAUN RICE,

        Plaintiff,

vs.                              Case No. 09-1294-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. The matter has been fully briefed by the parties.

## I. General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On April 7, 2009, administrative law judge (ALJ) Robert J. Burbank issued his decision (R. at 16-25). Plaintiff alleges that he has been disabled since February 15, 2001 (R. at 16). At step one, the ALJ determined that plaintiff has not performed substantial gainful activity since July 24, 2006, the date of his application for benefits (R. at 18). At step two, the ALJ found that plaintiff had the following severe impairment: bipolar disorder (R. at 18). At step three, the ALJ determined that

plaintiff's impairments do not meet or equal a listed impairment (R. at 18). After determining plaintiff's RFC (R. at 20), the ALJ found at step four that plaintiff is capable of performing past relevant work as a sanitation, landfill, or janitorial worker and/or supervisor (R. at 24). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 24-25).

**III. Did the ALJ err by failing to mention the testimony or evidence from the hearing of June 30, 2008?**

In this case, there were two hearings, the first on June 30, 2008 (R. at 52-85), and the second, on February 25, 2009 (R. at 26-51). Plaintiff testified at both hearings. Although plaintiff asserts error because of the ALJ's failure to expressly discuss testimony or evidence from the hearing on June 30, 2008, plaintiff fails to identify any specific testimony or evidence from that hearing that the ALJ erroneously failed to consider in his decision. The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence that he rejects. Clifton v. Chater, 70 F.3d 1007, 1009-1010 (10th Cir. 1996). Given plaintiff's failure to identify any uncontroverted evidence presented at the hearing on June 30, 2008 which the ALJ

5

did not rely on, or any significantly probative evidence from that hearing which he rejected, the court finds no error because the ALJ did not expressly discuss the testimony and evidence presented at the first hearing.

**IV. Did the ALJ err at step four?**

The ALJ found that plaintiff had the RFC to perform a full range of work at all exertional levels, but would be limited to simple work and would be best suited for work involving occasional interpersonal contact (R. at 20). The ALJ's step four findings are as follows:

> 5. The claimant is capable of performing past relevant work as a sanitation, landfill, or janitorial worker and/or supervisor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.
>
> Based on occupational evidence including claimant's testimony and work history reports (Exhibits 2E, 8E, 9E, and 18E) and, after comparing claimant's residual functional capacity with the physical and mental demands of past relevant work, the undersigned concludes that the claimant is capable of performing past relevant work as a sanitation, landfill, or janitorial worker and/or supervisor as actually and normally performed. In making this finding, the undersigned gave significant weight to claimant's testimony that as a supervisor he

6

> is able work with others, if he chooses to do so.
>
> From this evidence, the undersigned finds that the claimant's prior duties as a sanitation, landfill, or janitorial worker and/or supervisor were performed at SGA levels and for time periods long enough for him to have learned how to do the tasks as set forth in the Dictionary of Occupational Titles (DOT), Fourth Edition, Revised, U.S. Department of Labor, 1991.
>
> In making this determination other hypothetical scenarios were considered incorporating greater and/or lesser levels of impairment. However, the undersigned is obligated to only adopt those limitations and commensurate jobs as are consistent with the record when considered in its entirety. In doing so, the undersigned has rendered a decision consistent with information contained in the DOT as required by SSR 00-4p.
>
> Accordingly, the undersigned finds that the claimant is able to perform past relevant work as a sanitation, landfill, or janitorial worker and/or supervisor as actually and normally performed.

(R. at 24).

At step four, the ALJ is to compare plaintiff's RFC with the physical and mental demands of plaintiff's "past relevant work"[1] and make a determination as to whether plaintiff can still perform his/her past relevant work. 20 C.F.R. § 416.920(f) (2010 at 941). More specifically, at step four, the ALJ is required by

---

[1] "Past relevant work" is defined as: 1) work that has been done in the past 15 years, 2) that was substantial gainful activity (SGA), and 3) that lasted long enough for the claimant to learn to do the job. 20 C.F.R. § 416.960(b)(1) (2010 at 980).

7

Social Security Ruling (SSR) 82-62 to make findings regarding: 1) the claimant's residual functional capacity (RFC), 2) the physical and mental demands of the claimant's past relevant work, and 3) the ability of the claimant to return to past relevant work given his or her RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996); Henrie v. United States Dep't of HHS, 13 F.3d 359, 361 (1993). Thus, at the third or final phase of the analysis, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. At each of these three phases, the ALJ must make specific findings. Frantz v. Astrue, 509 F.3d 1299, 1303 (10th Cir. 2007); Winfrey v. Chater, 92 F.3d at 1023. When the ALJ fails to make findings at phase two of step four regarding the physical and/or mental demands of plaintiff's past work, the case will be remanded for a proper step four analysis. Bowman v. Astrue, 511 F.3d 1270, 1271-1273 (10th Cir. 2008); Frantz v. Astrue, 509 F.3d at 1303–1304; Kilpatrick v. Astrue, 559 F. Supp.2d 1177, 1182-1185 (D. Kan. 2008).

The ALJ made RFC findings limiting plaintiff to simple work, and further noted that plaintiff would be best suited for work involving occasional interpersonal contact (R. at 20). Thus, the ALJ met the first phase of the step four analysis.

The second phase of the step four analysis is for the ALJ to

8

set forth the physical and mental demands of plaintiff's past relevant work. The ALJ has failed to meet the phase two requirements of step four. The ALJ made no findings regarding the mental demands of plaintiff's past relevant work in Afghanistan in 2004-2005.[2] In <u>Winfrey</u>, the court held as follows:

> At the second phase of the step four analysis, the ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work. <u>See Henrie</u>, 13 F.3d at 361. To make the necessary findings, the ALJ must obtain adequate "factual information about those work demands which have a bearing on the medically established limitations." SSR 82-62, Soc. Sec. Rep. Serv., Rulings 1975-1982, at 812. When the claimant has a mental impairment,
>
>> care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.
>
> <u>Id</u>. Here, the ALJ made no inquiry into, or

---

[2]Although the ALJ decision is not clear as to which prior employment of the plaintiff constituted past relevant work, defendant's brief notes that plaintiff's only past relevant work in which he performed SGA in the 15 years preceding the date of his application was the work performed in Afghanistan in 2004-2005 (Doc. 15 at 5). Except for the employment in Afghanistan, the ALJ found that plaintiff did not have SGA level earnings in any year since 1989 (R. at 23, 153, 163).

9

> any findings specifying, the mental demands
> of plaintiff's past relevant work, either as
> plaintiff actually performed the work or as
> it is customarily performed in the national
> economy.
>
> ...the Secretary's own rule dictates that the
> ALJ make the necessary findings at phases two
> and three of the step four inquiry. See SSR
> 82-62, Soc. Sec. Rep. Serv., Rulings
> 1975-1982, at 813.

Winfrey, 92 F.3d at 1024; see Frantz, 509 F.3d at 1303 (the court found that the ALJ failed to determine and make findings regarding the mental demands of her past relevant work). Because the ALJ failed to make any findings regarding the mental demands of plaintiff's past relevant work, the ALJ's findings at step four are legally deficient. In the absence of such findings at phase two, the ALJ was unable to make the necessary findings at phase three about plaintiff's ability to meet the demands of his past relevant work despite his mental impairments. Bowman, 511 F.3d at 1273; Winfrey, 92 F.3d at 1024-1025.

The court has also reviewed the transcripts of the two hearings in which the plaintiff was questioned about his job in Afghanistan in 2004-2005. In his testimony, plaintiff only gave a brief descriptions of his job duties, with little or no information regarding the mental demands of this job (R. at 67-69, 41-43). Furthermore, although the ALJ stated that he rendered a decision at step four about plaintiff's past relevant work consistent with the information contained in the DOT

(Dictionary of Occupational Titles) (R. at 24), the ALJ never identified the DOT code for plaintiff's job in Afghanistan. Furthermore, the work history evaluation done by Steve Benjamin, a vocational evaluator, stated that he did not have enough information to determine the DOT code for the job (R. at 244-245). The regulations provide that administrative notice can be taken of "reliable job information" from various publications, including the DOT. 20 C.F.R. § 416.967(d) (2010 at 984). Absent identification of the applicable DOT code for the job in question, the court is unable to review the DOT in order to determine whether or not it provides information about the mental demands of the job. The ALJ also identified certain Exhibits (2E, 8E, 9E and 18E) as providing occupational evidence (R. at 24). However, a review of those exhibits indicates that they provide no information regarding the mental demands of the job in Afghanistan (R. at 174-183, 214-220, 262).

The court finds that the ALJ's step four findings are not supported by substantial evidence because the ALJ failed to make findings regarding the mental demands of plaintiff's past relevant work. Therefore, the ALJ was unable to make the necessary findings at phase three about plaintiff's ability to meet the demands of his past work despite his mental impairments. As a result of this error, this case shall be remanded for

further hearing.[3]

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 3rd day of August, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[3]Plaintiff also argued that pertinent vocational information existed that should have been considered by a vocational expert (Doc. 12 at 34). However, when the ALJ makes a determination at step four that plaintiff can return to former work activities, he is under no obligation to seek testimony from a vocational expert. Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994); Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992)(because claimant failed to meet his burden of establishing a disability which prevented him from performing his past relevant work, "the ALJ was under no obligation to elicit the testimony of a vocational expert").

As part of his argument, plaintiff also referenced a mental assessment performed by Dr. Moeller (Doc. 12 at 34); as noted by plaintiff, Dr. Moeller's limitations included a moderate limitation in the ability to respond appropriately to work pressures in a usual work setting (R. at 403). The ALJ acknowledged this limitation (R. at 19), but, without explanation, did not include this limitation in his RFC findings. On remand, the ALJ is reminded that, according to SSR 96-8p, "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184 at *7.